FILED

2012 SEP 19  PM 3: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1    BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
2    ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
     PATRICIA N. SYVERSON (203111)
3    2325 E. Camelback Road, Suite 300
     Phoenix, AZ 85016
4    eryan@bffb.com
     psyverson@bffb.com
5    Telephone:   (602) 274-1000

6    BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
7    TODD D. CARPENTER (234464)
     600 W. Broadway, Suite 900
8    San Diego, California 92101
     tcarpenter@bffb.com
9    Telephone: (619) 756-6978

10   Stewart M. Weltman
     122 S. Michigan Avenue, Suite 1850
11   Chicago, Illinois 60603
     Telephone: 312-427-3600
12   Fax: 312-427-1850
     sweltman@weltmanlawfirm.com
13   (OF COUNSEL LEVIN FISHBEIN SEDRAN & BERMAN)

14   Attorneys for Plaintiff

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17                                    Case No.: CV12-8100 -PA
                                                          (JEM)
18   DORIS HERNANDEZ, On Behalf of
     Herself and All Others Similarly Situated,    CLASS ACTION COMPLAINT FOR:
19
              Plaintiff,              1.  VIOLATION OF THE UNFAIR
20                                        COMPETITION LAW, Business and
        v.                                Professions Code §17200 *et seq.*;
21                                   2.  VIOLATION OF THE CONSUMERS
     MERCK & CO., INC, a Delaware         LEGAL REMEDIES ACT,
22   corporation, MSD CONSUMER CARE       *et seq.*; and
     INC., a Delaware corporation, MERCK  3.  BREACH OF EXPRESS
23   SHARP & DOHME CORP., a New Jersey        WARRANTY.
     corporation
24                                   DEMAND FOR JURY TRIAL
              Defendants.
25

26

27

28

Plaintiff Doris Hernandez brings this action on behalf of herself and all others similarly situated against Defendants Merck & Co., Inc., MSD Consumer Care, Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck" or "Defendants") and states:

## NATURE OF ACTION

1.     Merck distributes, markets and sells several over-the-counter sunscreen products: 16 products with a SPF of 55, 70+, 75+, 80 or 100+ (the "Coppertone SPF 55-100+ collection" or "the Products")[1] and several products with a SPF of 50 ("the Coppertone SPF 50 Products").[2]   With the notable exception of the SPF value, the Coppertone SPF 55-100+ collection and the Coppertone SPF 50 Products make virtually identical representations and contain virtually identical active ingredients. The Coppertone SPF 55-100+ collection retails for a premium over comparable lower SPF products, including the Coppertone SPF 50 Products.

2.     Developed over 30 years, the Sun Protection Factor ("SPF") is the most accepted method for evaluating the photo-protective efficacy of sunscreens, being universally considered as the main information in the labeling of sunscreens.  The SPF

---

[1] The Coppertone SPF 55-100+ collection includes: (1) Coppertone SPORT Continuous Spray SPF 100+ Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 70+ Sunscreen; (3) Coppertone SPORT SPF 100+ Sunscreen Lotion; (4) Coppertone SPORT SPF 80 Sunscreen Lotion; (5) Coppertone SPORT Stick SPF 55 Sunscreen; (6) Coppertone ultraGuard Continuous Spray SFP 70+ Sunscreen; (7) Coppertone ultraGuard SPF 100+ Sunscreen Lotion; (8) Coppertone ultraGuard SPF 70+ Sunscreen Lotion; (9) Coppertone Oil Free SPF 75 Foaming Lotion; (10) Coppertone Water BABIES SPF 100+ Sunscreen Lotion; (11) Coppertone Water BABIES SPF 70+ Sunscreen Lotion; (12) Coppertone Water BABIES Foaming Lotion SPF 75 Sunscreen; (13) Coppertone Water BABIES Stick SPF 55 Sunscreen; (14) Coppertone KIDS Continuous Spray SPF 70+ Sunscreen; (15) Coppertone KIDS SPF 70+ Sunscreen Lotion; and (16) Coppertone KIDS Stick SPF 55 Sunscreen. Plaintiff reserves the right to include other products upon completion of discovery.
[2] The Coppertone SPF 50 Products include, but are not limited to: (1) Coppertone SPORT PRO Series with DuraFlex Continuous Spray SPF 50 Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 50 Sunscreen; (3) Coppertone SPORT SPF 50 Sunscreen Lotion; (4) Coppertone ultraGUARD Continuous Spray SPF 50 Sunscreen; (5) Coppertone ultraGUARD SPF 50 Sunscreen Lotion; (6) Coppertone Sensitive Skin Faces Lotion SPF 50 Sunscreen; (7) Coppertone Sensitive Skin SPF 50 Sunscreen Lotion; (8) Coppertone Water BABIES Pure & Simple Lotion SPF 50 Sunscreen; (9) Coppertone Water BABIES Lotion Spray SPF 50 Sunscreen; (10) Coppertone Water BABIES SPF 50 Sunscreen Lotion; (11) Coppertone KIDS Tear Free Lotion SPF 50 Sunscreen; and (12) Coppertone KIDS Continuous Spray SPF 50 Sunscreen.

value indicates the level of sunburn protection provided by the sunscreen product. All sunscreens must be tested according to a SPF test procedure. The test measures the amount of ultraviolet (UV) radiation exposure it takes to cause sunburn when a person is using a sunscreen in comparison to how much UV exposure it takes to cause a sunburn when they do not use a sunscreen. The product is then labeled with the appropriate SPF value indicating the amount of sunburn protection provided by the product. Because SPF values are determined from a test that measures protection against sunburn caused by ultraviolet B (UVB) radiation, SPF values only indicate a sunscreen's UVB protection.

3. Consumers have become familiar with SPF values because SPF values have appeared on sunscreen product labels for many decades. Consumers have learned to associate higher SPF values with greater sun protection. Consumers reasonably assume, for example, that a product with a SPF of 100+ (like Coppertone SPORT Continuous Spray SPF 100+ Sunscreen) provides twice the UVB protection of a sunscreen product with a SPF of 50 (like Coppertone SPORT Continuous Spray SPF 50 Sunscreen). It does not. In fact, none of the sunscreen products in the Coppertone SPF 55-100+ collection provide any additional clinical benefit over the Coppertone SPF 50 Products. According to the FDA, who has been examining maximum SPF values since 1978, sunscreen products with SPF values over 50 do not provide any increase in clinical benefit over SPF 50 sunscreen products. The FDA's findings are based on, *inter alia*, scientific tests that demonstrate SPF 100 sunscreens block 99 percent of UV rays, while SPF 50 sunscreens block 98 percent – an immaterial difference that provides no additional clinical benefit to consumers against sunburn.

4. Merck's SPF 55, 70+, 75+, 80 or 100+ representations (the "superior UVB protection claims") on its Coppertone SPF 55-100+ collection are false, misleading, and reasonably likely to deceive the public. Indeed, the FDA has expressed "concern[ ] that labeling a product with a specific SPF value higher than 50 would be misleading to the

consumer." 76 Fed. Reg. 35672, 35674.[3] "[T]he agency is concerned that an average sunscreen consumer may ascribe more to high SPF values than is clinically relevant and that such products may further encourage the use of sunscreens as a safe way to prolong exposure." 65 Fed. Reg. 36319.

5.     Merck has employed numerous methods to convey its uniform, deceptive superior UVB protection claims to consumers, including advertising inserts, the internet and, importantly, on the Coppertone SPF 55-100+ collection labels where they cannot be missed by consumers.

6.     The only reason a consumer would purchase a Product from the premium priced Coppertone SPF 55-100+ collection instead of less expensive, lower SPF value but otherwise comparable sunscreen products, including the Coppertone SPF 50 Products, is to obtain a sunscreen product with a proportionally greater sunburn (i.e., UV radiation) protection, which the Coppertone SPF 55-100+ collection does not provide.

7.     As a result of Merck's superior UVB protection claims, consumers – including Plaintiff and members of the proposed Class – have purchased Products that do not perform as advertised.

8.     Plaintiff brings this action on behalf of herself and other similarly situated consumers who have purchased Products in the Coppertone SPF 55-100+ collection to halt the dissemination of this false, misleading and deceptive advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased these Products. Based on violations of state unfair competition laws and Merck's breach of express warranty, Plaintiff seeks injunctive and monetary relief for consumers who purchased Products in the Coppertone SPF 55-100+ collection.

---

[3] The FDA has proposed a rule that would cap SPF values at "50+". 76 Fed. Reg. 35672.

1

## JURISDICTION AND VENUE

2        9.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The

3   matter in controversy, exclusive of interest and costs, exceeds the sum or value of

4   $5,000,000 and is a class action in which there are in excess of 100 class members and

5   many members of the Class are citizens of a state different from Defendants.

6        10.    This Court has personal jurisdiction over Defendants because Defendants

7   are authorized to conduct and do conduct business in California.  Defendants have

8   marketed, promoted, distributed, and sold the Coppertone SPF 55-100+ collection in

9   California and Defendants have sufficient minimum contacts with this State and/or

10  sufficiently avail themselves of the markets in this State through their promotion, sales,

11  distribution and marketing within this State to render the exercise of jurisdiction by this

12  Court permissible.

13       11.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b)

14  because a substantial part of the events or omissions giving rise to Plaintiff's claims

15  occurred while she resided in this judicial district.  Venue is also proper under 18 U.S.C.

16  §1965(a) because Defendants transact substantial business in this District.

17

## PARTIES

18       12.    Plaintiff Doris Hernandez resides in Burbank, California.  In or around May

19  2012, Plaintiff was exposed to and saw Merck's superior UVB protection claims by

20  reading the Coppertone SPORT SPF 100+ Sunscreen Lotion label.  In reliance on the

21  superior UVB protection claim, Plaintiff purchased Coppertone SPORT SPF 100+

22  Sunscreen Lotion at a Target in North Hollywood, California.  She paid approximately

23  $12.00 for the Product.  The Coppertone SPORT SPF 100+ Sunscreen Lotion Plaintiff

24  purchased did not provide proportionally greater sunburn protection as represented.  As a

25  result, Plaintiff suffered injury in fact and lost money.  Had Plaintiff known the truth

26  about Merck's misrepresentations and omissions, she would not have purchased the

27  Coppertone SPORT SPF 100+ Sunscreen Lotion.

28

13.    Defendant Merck & Co., Inc. is a Delaware corporation headquartered at One Merck Drive, Whitehouse Station, New Jersey 08889.  From its headquarters in New Jersey, Merck & Co., Inc. manufactures, distributes, markets and/or sells the Coppertone SPF 55-100+ collection to consumers nationwide and created the superior UVB protection claims, which it caused to be disseminated to consumers nationwide.

14.    Defendant MSD Consumer Care Inc. is a Delaware corporation with its principal place of business at 3030 Jackson Avenue, Memphis, Tennessee 38151.  MSD Consumer Care Inc. is a wholly owned subsidiary of Merck & Co., Inc.  From its principal place of business in Tennessee, MSD Consumer Care Inc. manufactures, distributes, markets and/or sells the Coppertone SPF 55-100+ collection to consumers nationwide and created the superior UVB protection claims, which it caused to be disseminated to consumers nationwide.

15.    Defendant Merck Sharp & Dohme Corp. is a Delaware corporation headquartered at One Merck Drive, Whitehouse Station, New Jersey 08889.  Merck Sharp & Dohme Corp. is a subsidiary of Merck & Co., Inc.  From its headquarters in New Jersey, Merck Sharp & Dohme Corp. manufactures, distributes, markets and/or sells the Coppertone SPF 55-100+ collection to consumers nationwide and created the superior UVB protection claims, which it caused to be disseminated to consumers nationwide.

## FACTUAL ALLEGATIONS

### The Coppertone SPF 55-100+ Collection

16.    Merck distributes, markets and sells a variety of products for the skin, hair, and face.  This lawsuit concerns the Coppertone SPF 55-100+ collection, a line of 16 sunscreen products labeled with a SPF of 55 or greater.  The Coppertone SPF 55-100+ collection is sold online and at a variety of third-party retailers including Wal-Mart, Target, Walgreens and CVS.

17.    Since launching the Coppertone SPF 55-100+ collection, Merck has consistently conveyed the message to consumers throughout the United States, including

- 6 -

California, that the Coppertone SPF 55-100+ collection provides superior UVB protection compared to comparable lower SPF valued products, including the Coppertone SPF 50 Products. They do not. Merck's superior UVB protection claims are false, misleading and deceptive.

18.     There are only two material differences between the Products in the Coppertone SPF 55-100+ collection and the Coppertone SPF 50 Products: (1) the SPF values; and (2) the price. The Coppertone SPF 55-100+ collection retails for a premium over comparable lower SPF products, including the Coppertone SPF 50 Products. For example, the Coppertone SPORT SPF 100+ Sunscreen Lotion Plaintiff purchased contains all of the active ingredients and provides the same UVB protection as Coppertone SPORT SPF 50 Sunscreen Lotion. Yet, the Coppertone SPORT SPF 100+ Sunscreen Lotion Plaintiff bought retails for at least a $1.00 or more over the same size of the Coppertone SPORT SPF 50 Sunscreen Lotion product.

19.     A sunscreen's SPF value is calculated by comparing the time needed for a person to burn unprotected with how long it takes for that person to burn wearing sunscreen. So a person who turns red after 20 minutes of unprotected sun exposure is theoretically protected 15 times longer if they adequately apply SPF 15. Importantly, the SPF rating system is non-linear. Also importantly, scientific studies establish that sunscreen products with SPF values over 50 provide no additional clinical benefit to consumers. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers.

20.     To stop the false sense of security high numbered SPF products create in the minds of consumers, in June 2011 the FDA proposed a regulation governing the labeling of sunscreen products that would cap SPF values at "SPF 50+." *See* 76 Fed. Reg. 35672. According to the FDA, there is insufficient data "to establish that products with SPF values higher than 50 provide additional clinical benefit over SPF 50 sunscreen products." *Id.* at 35673. In fact, scientific studies establish that there is no added clinical benefit

associated with SPF values over 50. The FDA's proposed SPF 50+ rule harmonizes with other countries, including Australia and the European Union, that have imposed similar SPF labeling restrictions to reduce consumer confusion.

21.     Merck's superior UVB protection claims are designed to take advantage of health conscious consumers seeking protection from the damaging effects of unprotected sun exposure as increasingly expressed by members of the medical community and documented by the media. Each and every consumer who purchases a Product in the SPF 55-100+ collection is exposed to the 55, 70+, 75+, 80 or 100+ SPF values, which appear prominently and conspicuously on the front and center of the Product label set-off from the other representations. The front shots of the SPF 55-100+ collection labels appear as follows:

**SPORT Continuous Spray SPF 100+**     **SPORT Continuous Spray SPF 70+**     **SPORT SPF 100+ Lotion**     **SPORT SPF 80 Lotion**

   

//

**SPORT Stick SPF 55**



**ULTRAGUARD Continuous Spray SFP 70+**



**ULTRAGUARD 100+ Lotion**



**ULTRAGUARD 70+ Sunscreen Lotion**



**Oil Free SPF 75 Foaming Lotion**



**Water BABIES SPF 100+ Lotion**



**Water BABIES SPF 70+ Lotion**



**Water BABIES Foaming Lotion SPF 75**



- 9 -

**Water BABIES Stick SPF 55**  **KIDS Continuous Spray SPF 70+**  **KIDS SPF 70+ Sunscreen Lotion**  **KIDS Stick SPF 55**

   

### *The Impact of Merck's Wrongful Conduct*

22.    Despite the scientific evidence that SPF values higher than 50 provide no additional clinical benefit, Merck continues to claim that the Coppertone SPF 55-100+ collection provides superior UVB protection and sells the Products for a price premium over comparable lower value SPF products, including the Coppertone SPF 50 Products.

23.    As the distributor of the Coppertone SPF 55-100+ collection, Merck possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products, and is in a superior position to learn of the effects – and has learned of the effects – its Products have on consumers.

24.    Specifically, Merck knew or should have known, but failed to disclose that the Coppertone SPF 55-100+ collection does not provide superior UVB protection compared to less expensive, lower value SPF products, including the Coppertone SPF 50 Products.

- 10 -

25.     Plaintiff and Class members have been and will continue to be deceived or misled by Merck's deceptive superior UVB protection claims.  Plaintiff purchased and applied Coppertone SPORT SPF 100+ Sunscreen Lotion during the Class period and in doing so, read and considered the Coppertone SPORT SPF 100+ Sunscreen Lotion label and based her decision to buy and pay a premium for Coppertone SPORT SPF 100+ Sunscreen Lotion on the superior UVB protection claims.  Merck's superior UVB protection claims were a material factor in influencing Plaintiff's decision to purchase and use Coppertone SPORT SPF 100+ Sunscreen Lotion. Plaintiff would not have purchased Coppertone SPORT SPF 100+ Sunscreen Lotion had she known that the Product does not provide the represented superior UVB protection.

26.     As a result, Plaintiff and the Class members have been damaged by their purchases of the Coppertone SPF 55-100+ collection and have been deceived into purchasing Products that they believed, based on Merck's representations, provide superior UVB protection compared to less expensive, comparable lower valued SPF products, including the Coppertone SPF 50 Products, when, in fact, they do not.

27.     Merck has reaped enormous profits from its false marketing and sale of the Coppertone SPF 55-100+ collection.

## CLASS DEFINITION AND ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Merck for violations of California state laws and/or similar laws in other states:

> **Multi-State Class Action**
> All consumers who purchased a Product in the Coppertone SPF 55-100+ collection, within the applicable statute of limitations, in the United States for personal use until the date notice is disseminated.

Excluded from this Class are Merck and its officers, directors and employees, and those who purchased a Product in the Coppertone SPF 55-100+ collection for the purpose of resale.

29.     In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California consumers pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**California-Only Class Action**
All California consumers who purchased a Product in the Coppertone SPF 55-100+ collection, within the applicable statute of limitations, for personal use until the date notice is disseminated.

Excluded from this Class are Merck and its officers, directors and employees and those who purchased a Product in the Coppertone SPF 55-100+collection for the purpose of resale.

30.     ***Numerosity***.  The members of the Class are so numerous that joinder of all members of the Class is impracticable.   Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Coppertone SPF 55-100+ collection who have been damaged by Merck's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

31.     ***Existence and Predominance of Common Questions of Law and Fact.*** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(b)     whether Merck's alleged conduct violates public policy;

(c)     whether the alleged conduct constitutes violations of the laws asserted;

(d)     whether Merck engaged in false or misleading advertising;

(e)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(f)    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

32.    **_Typicality_**.  Plaintiff's claims are typical of the claims of the members of the Class because, _inter alia_, all Class members were injured through the uniform misconduct described above and were subject to Merck's deceptive superior UVB protection claims that accompanied each and every Product in the Coppertone SPF 55-100+ collection. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

33.    **_Adequacy of Representation_**.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

34.    **_Superiority_**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Merck.  It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a

single court, and presents no unusual management difficulties under the circumstances here.

35.    The Class also may be certified because Merck has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

36.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Merck from engaging in the acts described, and requiring Merck to provide full restitution to Plaintiff and Class members.

37.    Unless a Class is certified, Merck will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.   Unless a Class-wide injunction is issued, Merck will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*

38.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

39.    Plaintiff brings this claim individually and on behalf of the Class.

40.    As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Merck's conduct because she purchased a Product from the Coppertone SPF 55-100+ collection in reliance on Merck's superior UVB protection claims, but did not receive a Product that provides superior UVB protection as compared to less expensive, comparable lower valued SPF products, including the Coppertone SPF 50 Products.

41.    The Unfair Competition Law, Business & Professions Code §17200, et seq. ("UCL"), and similar laws in other states, prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.   In the course of

conducting business, Merck committed unlawful business practices by, *inter alia*, making the superior UVB protection claims (which also constitutes advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770 and Business & Professions Code §§17200, et seq., 17500, et seq., and the common law.

42.    Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

43.    Merck's actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Merck engaged in false advertising, misrepresented and omitted material facts regarding the Coppertone SPF 55-100+ collection, and thereby offended an established public policy, and engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

44.    As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states, resulting in harm to consumers.  Merck's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.  This conduct constitutes violations of the unfair prong of Business & Professions Code §17200, et seq.

45.    There were reasonably available alternatives to further Merck's legitimate business interests, other than the conduct described herein.

46.    Business & Professions Code §17200, et seq. also prohibits any "fraudulent business act or practice."

47.    Merck's actions, claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200, et seq.

48. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Merck's material representations and omissions, which are described above. This reliance has caused harm to Plaintiff and other members of the Class who each purchased a Product from the Coppertone SPF 55-100+ collection. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

49. As a result of its deception, Merck has been able to reap unjust revenue and profit.

50. Unless restrained and enjoined, Merck will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

51. Plaintiff, on behalf of herself, all others similarly situated, and the general public, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Merck from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT II
### Violations of the Consumers Legal Remedies Act –
### Civil Code §1750 *et seq.*

52. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the Class.

54. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act") and similar laws in other states. Plaintiff is a "consumer" as defined by California Civil Code §1761(d). The Products in the SPF 55-100+ collection are "goods" within the meaning of the Act.

55. Merck violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with

Plaintiff and the Class which were intended to result in, and did result in, the sale of the Coppertone SPF 55-100+ collection:

(5)     Representing that [the Products] have . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

*         *         *

(7)     Representing that [the Products] are of a particular standard, quality or grade . . . if [they are] of another.

*         *         *

(9)     Advertising goods . . . with intent not to sell them as advertised.

*         *         *

(16)    Representing that [the Products have] been supplied in accordance with a previous representation when [they have] not.

56.     Merck violated the Act by representing and failing to disclose material facts on the Coppertone SPF 55-100+ collection labeling and packaging and associated advertising, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

57.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of Merck and for restitution and disgorgement.

58.     Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Copies of the letters are attached hereto as Exhibits A, B and C, respectively.

59.     If Merck fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date

of written notice pursuant to §1782 of the Act, Plaintiff will amend this Complaint to add claims for actual, punitive and statutory damages, as appropriate.

60.   Merck's conduct is fraudulent, wanton and malicious.

61.   Pursuant to §1780(d) of the Act, attached hereto as Exhibit D is the affidavit showing that this action has been commenced in the proper forum.

## COUNT III
## Breach of Express Warranty

62.   Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

63.   Plaintiff brings this claim individually and on behalf of the Class.

64.   The Uniform Commercial Code section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

65.   At all times, California and other states have codified and adopted the provisions in the Uniform Commercial Code governing the express warranty of merchantability.

66.   As discussed above, Merck expressly warranted on each and every Product label in the Coppertone SPF 55-100+ collection that the Products provide proportionally greater UVB protection than comparable, lower SPF valued products, including the Coppertone SPF 50 Products. The superior UVB protection claims made by Merck are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Merck's representations.

67.   All conditions precedent to Merck's liability under this contract have been performed by Plaintiff and the Class.

68.     Merck was provided notice of these issues by, *inter alia*, the instant Complaint.

69.     Merck breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a Product that provides superior UVB protection as represented.

70.     As a result of Merck's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.      Certifying the Class as requested herein;

B.      Awarding Plaintiff and the proposed Class members damages;

C.      Awarding restitution and disgorgement of Merck's revenues to Plaintiff and the proposed Class members;

D.      Awarding injunctive relief as permitted by law or equity, including: enjoining Merck from continuing the unlawful practices as set forth herein, and directing Merck to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E.      Ordering Merck to engage in a corrective advertising campaign;

F.      Awarding attorneys' fees and costs; and

G.      Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

1    Dated: September 19, 2012

2                                    BONNETT, FAIRBOURN, FRIEDMAN
                                        & BALINT, P.C.
3

4

5                                    Elaine A. Ryan
                                     Patricia N. Syverson
6                                    2325 E. Camelback Road, Suite 300
                                     Phoenix, AZ 85016
7                                    eryan@bffb.com
8                                    psyverson@bffb.com
                                     Telephone:  (602) 274-1000
9

10                                   BONNETT, FAIRBOURN, FRIEDMAN
                                        & BALINT, P.C.
11                                   Todd D. Carpenter
                                     600 W. Broadway, Suite 900
12                                   San Diego, California 92101
13                                   tcarpenter@bffb.com
                                     Telephone:  (619) 756-6978
14

15                                   Stewart M. Weltman (*Admitted Pro Hac Vice*)
                                     122 S. Michigan Avenue, Suite 1850
16                                   Chicago, Illinois 60603
                                     Telephone:  312-427-3600
17                                   Fax: 312-427-1850
18                                   sweltman@weltmanlawfirm.com
                                     (OF COUNSEL LEVIN FISHBEIN SEDRAN & BERMAN)
19

20                                   Attorneys for Plaintiff

21

22

23

24

25

26

27

28

                                        - 20 -

# EXHIBIT A

**BFFB**

**BONNETT FAIRBOURN**
**FRIEDMAN & BALINT PC**

| JERRY C. BONNETT[1] | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH[9] | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN[8] | WENDY J. HARRISON[2] |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER[3] | PATRICIA N. SYVERSON[2] |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE[4] |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[5] | TODD D. CARPENTER[5] |
| WILLIAM F. KING | TONNA K. FARRAR[6] | T. BRENT JORDAN[7] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ-GRAY |
| KEVIN R. HANGER | ERIC D. ZARD | CHRISTINA M. VANDER WERF[8] |

MICHAEL N. WIDENER, Of Counsel

[1]Admitted Also in Colorado
[2]Admitted Also in California
[3]Admitted Also in Illinois
[4]Admitted Also in Alabama and Georgia
[5]Admitted Only in California
[6]Admitted Only in California, Kansas, Missouri
  and Oregon (located in Oregon)
[7]Admitted Only in Pennsylvania
[8]Admitted Also in Colorado, Idaho, Kansas,
  Missouri, Texas, Utah and Washington
[9]Admitted Also in Tennessee and West Virginia

September 19, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7009 0080 0000 4081 7367)**

Merck Sharp & Dohme Corp.
General Counsel
One Merck Drive,
Whitehouse Station, New Jersey 08889

     Re:    Doris Hernandez v. Merck & Co., Inc., et al.

Dear Sir or Madam:

     Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Doris Hernandez and all other consumers similarly situated in an action against Defendants Merck & Co., Inc., MSD Consumer Care, Inc., and Merck Sharp & Dohme Corp. (collectively, "Merck" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Merck to consumers that your Coppertone SPF 55-100+ collection[1] provides greater

---

[1] The Coppertone SPF 55-100+ collection includes: (1) Coppertone SPORT Continuous Spray SPF 70+ Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 100+ Sunscreen; (3) Coppertone SPORT SPF 80 Sunscreen Lotion; (4) Coppertone SPORT SPF 100+ Sunscreen Lotion; (5) Coppertone SPORT Stick SPF 55 Sunscreen; (6) Coppertone ultraGuard Continuous Spray SFP 70+ Sunscreen; (7) Coppertone ultraGuard SPF 70+ Sunscreen Lotion; (8) Coppertone ultraGuard SPF 100+ Sunscreen Lotion; (9) Coppertone-Oil Free SPF 75 Foaming Lotion; (10) Coppertone Water BABIES SPF 70+ Sunscreen Lotion; (11) Coppertone Water BABIES SPF 100+ Sunscreen Lotion; (12) Coppertone Water BABIES Foaming Lotion SPF 75 Sunscreen; (13) Coppertone Water BABIES Stick SPF 55 Sunscreen; (14) Coppertone KIDS Continuous Spray SPF 70+ Sunscreen; (15) Coppertone KIDS SPF 70+ Sunscreen Lotion; and (16) Coppertone KIDS Stick SPF 55 Sunscreen. Plaintiff reserves the right to include other products upon completion of discovery.

Merck Sharp & Dohme Corp.
General Counsel
September 19, 2012
Page 2

sun protection than comparable, lower SPF valued products, including the Coppertone SPF 50 products.[2]

Ms. Hernandez and others similarly situated purchased Products in the SPF Coppertone 55-100+ collection unaware that Merck's SPF 55, 70+, 75, 80 or 100+ representations (the "superior UVB protection claims") are false.  SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Merck's superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Merck with the intent to induce the consuming public to purchase the SPF 55-100+ collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

Merck's superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

>    (5)    Representing that [the SPF 55-100+ collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

>    (7)    Representing that [the SPF 55-100+ collection is] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

>    (9)    Advertising goods . . . with the intent not to sell them as advertised.

* * *

---

[2] The Coppertone SPF 50 products include: (1) Coppertone SPORT PRO Series with DuraFlex Continuous Spray SPF 50 Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 50 Sunscreen; (3) Coppertone SPORT SPF 50 Sunscreen Lotion; (4) Coppertone ultraGUARD Continuous Spray SPF 50 Sunscreen; (5) Coppertone ultraGUARD SPF 50 Sunscreen Lotion; (6) Coppertone Sensitive Skin Faces Lotion SPF 50 Sunscreen; (7) Coppertone Sensitive Skin SPF 50 Sunscreen Lotion; (8) Coppertone Water BABIES Pure & Simple Lotion SPF 50 Sunscreen; (9) Coppertone Water BABIES Lotion Spray SPF 50 Sunscreen; (10) Coppertone Water BABIES SPF 50 Sunscreen Lotion; (11) Coppertone KIDS Tear Free Lotion SPF 50 Sunscreen; and (12) Coppertone KIDS Continuous Spray SPF 50 Sunscreen.

Merck Sharp & Dohme Corp.
General Counsel
September 19, 2012
Page 3

    (16) Representing that [the SPF 55-100+ collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

  Merck's superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

  While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Merck immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Merck should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

  Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Merck address these violations immediately.

  Merck must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

  1. Identify or make a reasonable attempt to identify purchasers of the subject Products;

  2. Notify all such purchasers so identified that upon their request, Merck will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

  3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the SPF 55-100+ collection purchasers who so request; and

Merck Sharp & Dohme Corp.
General Counsel
September 19, 2012
Page 4


4.      Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Coppertone SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

                                    Very truly yours,

                                    Patricia N. Syverson
                                    For the Firm


PNS:lmg
Enclosures

# EXHIBIT B

**BFFB**

**BONNETT FAIRBOURN**
**FRIEDMAN & BALINT PC**

| | | |
|---|---|---|
| JERRY C. BONNETT[1] | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH[2] | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN[4] | WENDY J. HARRISON[2] |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER[3] | PATRICIA N. SYVERSON[3] |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE[4] |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[5] | TODD D. CARPENTER[5] |
| WILLIAM F. KING | TONNA K. FARRAR[6] | T. BRENT JORDAN[7] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ-GRAY |
| KEVIN R. HANGER | ERIC D. ZARD | CHRISTINA M. VANDER WERF[8] |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Also in Colorado
[2] Admitted Also in California
[3] Admitted Also in Illinois
[4] Admitted Also in Alabama and Georgia
[5] Admitted Only in California
[6] Admitted Only in California, Kansas, Missouri
    and Oregon (located in Oregon)
[7] Admitted Only in Pennsylvania
[8] Admitted Also in Colorado, Idaho, Kansas,
    Missouri, Texas, Utah and Washington
[9] Admitted Also in Tennessee and West Virginia

September 19, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7009 0080 0000 4081 7381)**

Merck & Co., Inc.
General Counsel
One Merck Drive,
Whitehouse Station, New Jersey 08889

Re:   Doris Hernandez v. Merck & Co., Inc., et al.

Dear Sir or Madam:

Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Doris Hernandez and all other consumers similarly situated in an action against Defendants Merck & Co., Inc., MSD Consumer Care, Inc., and Merck Sharp & Dohme Corp. (collectively, "Merck" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Merck to consumers that your Coppertone SPF 55-100+ collection[1] provides greater

---

[1] The Coppertone SPF 55-100+ collection includes: (1) Coppertone SPORT Continuous Spray SPF 70+ Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 100+ Sunscreen; (3) Coppertone SPORT SPF 80 Sunscreen Lotion; (4) Coppertone SPORT SPF 100+ Sunscreen Lotion; (5) Coppertone SPORT Stick SPF 55 Sunscreen; (6) Coppertone ultraGuard Continuous Spray SFP 70+ Sunscreen; (7) Coppertone ultraGuard SPF 70+ Sunscreen Lotion; (8) Coppertone ultraGuard SPF 100+ Sunscreen Lotion; (9) Coppertone Oil Free SPF 75 Foaming Lotion; (10) Coppertone Water BABIES SPF 70+ Sunscreen Lotion; (11) Coppertone Water BABIES SPF 100+ Sunscreen Lotion; (12) Coppertone Water BABIES Foaming Lotion SPF 75 Sunscreen; (13) Coppertone Water BABIES Stick SPF 55 Sunscreen; (14) Coppertone KIDS Continuous Spray SPF 70+ Sunscreen; (15) Coppertone KIDS SPF 70+ Sunscreen Lotion; and (16) Coppertone KIDS Stick SPF 55 Sunscreen.  Plaintiff reserves the right to include other products upon completion of discovery.

Merck & Co., Inc.
General Counsel
September 19, 2012
Page 2

sun protection than comparable, lower SPF valued products, including the Coppertone SPF 50 products.[2]

Ms. Hernandez and others similarly situated purchased Products in the SPF Coppertone 55-100+ collection unaware that Merck's SPF 55, 70+, 75, 80 or 100+ representations (the "superior UVB protection claims") are false.  SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Merck's superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Merck with the intent to induce the consuming public to purchase the SPF 55-100+ collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

Merck's superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

> (5)    Representing that [the SPF 55-100+ collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

> (7)    Representing that [the SPF 55-100+ collection is] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

> (9)    Advertising goods . . . with the intent not to sell them as advertised.

* * *

---

[2] The Coppertone SPF 50 products include: (1) Coppertone SPORT PRO Series with DuraFlex Continuous Spray SPF 50 Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 50 Sunscreen; (3) Coppertone SPORT SPF 50 Sunscreen Lotion; (4) Coppertone ultraGUARD Continuous Spray SPF 50 Sunscreen; (5) Coppertone ultraGUARD SPF 50 Sunscreen Lotion; (6) Coppertone Sensitive Skin Faces Lotion SPF 50 Sunscreen; (7) Coppertone Sensitive Skin SPF 50 Sunscreen Lotion; (8) Coppertone Water BABIES Pure & Simple Lotion SPF 50 Sunscreen; (9) Coppertone Water BABIES Lotion Spray SPF 50 Sunscreen; (10) Coppertone Water BABIES SPF 50 Sunscreen Lotion; (11) Coppertone KIDS Tear Free Lotion SPF 50 Sunscreen; and (12) Coppertone KIDS Continuous Spray SPF 50 Sunscreen.

Merck & Co., Inc.
General Counsel
September 19, 2012
Page 3

(16)    Representing that [the SPF 55-100+ collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Merck's superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Merck immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Merck should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Merck address these violations immediately.

Merck must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.    Identify or make a reasonable attempt to identify purchasers of the subject Products;

2.    Notify all such purchasers so identified that upon their request, Merck will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the SPF 55-100+ collection purchasers who so request; and

Merck & Co., Inc.
General Counsel
September 19, 2012
Page 4


    4.      Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Coppertone SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

            Very truly yours,

            Patricia N. Syverson
            For the Firm


PNS:lmg
Enclosures

# EXHIBIT C

**B F**  **BONNETT FAIRBOURN**
**F B**  **FRIEDMAN & BALINT PC**

| | | |
|---|---|---|
| JERRY C. BONNETT[1] | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH[5] | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN[4] | WENDY J. HARRISON[2] |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER[3] | PATRICIA N. SYVERSON[2] |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE[4] |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[3] | TODD D. CARPENTER[3] |
| WILLIAM F. KING | TONNA K. FARRAR[6] | T. BRENT JORDAN[7] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ-GRAY |
| KEVIN R. HANGER | ERIC D. ZARD | CHRISTINA M. VANDER WERF[8] |

MICHAEL N. WIDENER, Of Counsel

[1]Admitted Also in Colorado
[2]Admitted Also in California
[3]Admitted Also in Illinois
[4]Admitted Also in Alabama and Georgia
[5]Admitted Only in California
[6]Admitted Only in California, Kansas, Missouri
   and Oregon (located in Oregon)
[5]Admitted Only in Pennsylvania
[7]Admitted Also in Colorado, Idaho, Kansas,
   Missouri, Texas, Utah and Washington
[8]Admitted Also in Tennessee and West Virginia

September 19, 2012

**VIA CERTIFIED MAIL**
**(RECEIPT NO. 7009 0080 0000 4081 7374)**

MSD Consumer Care, Inc.
General Counsel
3030 Jackson Avenue,
Memphis, Tennessee 38151

     Re:   Doris Hernandez v. Merck & Co., Inc., et al.

Dear Sir or Madam:

     Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Doris Hernandez and all other consumers similarly situated in an action against Defendants Merck & Co., Inc., MSD Consumer Care, Inc., and Merck Sharp & Dohme Corp. (collectively, "Merck" or "Defendants"), arising out of, *inter alia*, misrepresentations, either express or implied, by Merck to consumers that your Coppertone SPF 55-100+ collection[1] provides greater

---

[1] The Coppertone SPF 55-100+ collection includes: (1) Coppertone SPORT Continuous Spray SPF 70+ Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 100+ Sunscreen; (3) Coppertone SPORT SPF 80 Sunscreen Lotion; (4) Coppertone SPORT SPF 100+ Sunscreen Lotion; (5) Coppertone SPORT Stick SPF 55 Sunscreen; (6) Coppertone ultraGuard Continuous Spray SFP 70+ Sunscreen; (7) Coppertone ultraGuard SPF 70+ Sunscreen Lotion; (8) Coppertone ultraGuard SPF 100+ Sunscreen Lotion; (9) Coppertone Oil Free SPF 75 Foaming Lotion; (10) Coppertone Water BABIES SPF 70+ Sunscreen Lotion; (11) Coppertone Water BABIES SPF 100+ Sunscreen Lotion; (12) Coppertone Water BABIES Foaming Lotion SPF 75 Sunscreen; (13) Coppertone Water BABIES Stick SPF 55 Sunscreen; (14) Coppertone KIDS Continuous Spray SPF 70+ Sunscreen; (15) Coppertone KIDS SPF 70+ Sunscreen Lotion; and (16) Coppertone KIDS Stick SPF 55 Sunscreen.  Plaintiff reserves the right to include other products upon completion of discovery.

MSD Consumer Care, Inc.
General Counsel
September 19, 2012
Page 2

sun protection than comparable, lower SPF valued products, including the Coppertone SPF 50 products.[2]

Ms. Hernandez and others similarly situated purchased Products in the SPF Coppertone 55-100+ collection unaware that Merck's SPF 55, 70+, 75, 80 or 100+ representations (the "superior UVB protection claims") are false. SPF 100 blocks 99 percent of UV rays, while SPF 50 blocks 98 percent, an immaterial difference that yields no clinical benefit to consumers. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Merck's superior UVB protection claims are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Merck with the intent to induce the consuming public to purchase the SPF 55-100+ collection. The superior UVB protection claims do not assist consumers; they simply mislead them.

Merck's superior UVB protection claims violate California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

> (5)    Representing that [the SPF 55-100+ collection has] . . . characteristics, . . . uses [or] benefits. . . which [it does] not have.

* * *

> (7)    Representing that [the SPF 55-100+ collection is] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

> (9)    Advertising goods . . . with the intent not to sell them as advertised.

* * *

---

[2] The Coppertone SPF 50 products include: (1) Coppertone SPORT PRO Series with DuraFlex Continuous Spray SPF 50 Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 50 Sunscreen; (3) Coppertone SPORT SPF 50 Sunscreen Lotion; (4) Coppertone ultraGUARD Continuous Spray SPF 50 Sunscreen; (5) Coppertone ultraGUARD SPF 50 Sunscreen Lotion; (6) Coppertone Sensitive Skin Faces Lotion SPF 50 Sunscreen; (7) Coppertone Sensitive Skin SPF 50 Sunscreen Lotion; (8) Coppertone Water BABIES Pure & Simple Lotion SPF 50 Sunscreen; (9) Coppertone Water BABIES Lotion Spray SPF 50 Sunscreen; (10) Coppertone Water BABIES SPF 50 Sunscreen Lotion; (11) Coppertone KIDS Tear Free Lotion SPF 50 Sunscreen; and (12) Coppertone KIDS Continuous Spray SPF 50 Sunscreen.

MSD Consumer Care, Inc.
General Counsel
September 19, 2012
Page 3

      (16)    Representing that [the SPF 55-100+ collection has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

    Merck's superior UVB protection claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

    While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that Merck immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Merck should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

    Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Merck address these violations immediately.

    Merck must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

    1.    Identify or make a reasonable attempt to identify purchasers of the subject Products;

    2.    Notify all such purchasers so identified that upon their request, Merck will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

    3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the SPF 55-100+ collection purchasers who so request; and

MSD Consumer Care, Inc.
General Counsel
September 19, 2012
Page 4


      4.     Cease from expressly or impliedly representing to consumers that these Products provide greater sun protection than lower SPF valued products, including the Coppertone SPF 50 products, when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

                        Very truly yours,

                        Patricia N. Syverson
                        For the Firm


PNS:lmg
Enclosures

# EXHIBIT D

1  BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
2  ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
   PATRICIA N. SYVERSON (203111)
3  2325 E. Camelback Road, Suite 300
   Phoenix, AZ 85016
4  eryan@bffb.com
   psyverson@bffb.com
5  Telephone:   (602) 274-1100

6  BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
7  TODD D. CARPENTER (234464)
   600 W. Broadway, Suite 900
8  San Diego, California 92101
   tcarpenter@bffb.com
9  Telephone:  (619) 756-6978

10  STEWART M. WELTMAN
    122 S. Michigan Ave.  Suite 1850
11  Chicago, Illinois 60613
    (312) 427-3600
12  sweltman@weltmanlawfirm.com
    (OF COUNSEL LEVIN FISHBEIN SEDRAN & BERMAN)
13
    Attorneys for Plaintiff
14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17  DORIS HERNANDEZ, On Behalf of      Case No.:
    Herself and All Others Similarly Situated,
18
                                        CLASS ACTION:
19           Plaintiff,
         v.
20                                      DECLARATION OF PATRICIA N.
    MERCK & CO., INC, a Delaware        SYVERSON PURSUANT TO
21  corporation, MSD CONSUMER CARE      CALIFORNIA CIVIL CODE §1780(d)
    INC., a Delaware corporation, MERCK
22  SHARP & DOHME CORP., a New Jersey
    corporation
23
             Defendants.
24

25

26

27

28

I, Patricia N. Syverson, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

2.      Defendants Merck & Co., Inc., MSD Consumer Care, Inc., and Merck Sharp & Dohme Corp. have done and are doing business in the Central District of California.  Such business includes the distributing, marketing, labeling, packaging and sale of the Coppertone SPF 55-100+ collection.[1]   Furthermore, Plaintiff Hernandez purchased a Product in the SPF 55-100+ collection in Burbank, California.

3.      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/ / /

---

[1] The Coppertone SPF 55-100+ collection includes: (1) Coppertone SPORT Continuous Spray SPF 70+ Sunscreen; (2) Coppertone SPORT Continuous Spray SPF 100+ Sunscreen; (3) Coppertone SPORT SPF 80 Sunscreen Lotion; (4) Coppertone SPORT SPF 100+ Sunscreen Lotion; (5) Coppertone SPORT Stick SPF 55 Sunscreen; (6) Coppertone ultraGuard Continuous Spray SFP 70+ Sunscreen; (7) Coppertone ultraGuard SPF 70+ Sunscreen Lotion; (8) Coppertone ultraGuard SPF 100+ Sunscreen Lotion; (9) Coppertone Oil Free SPF 75 Foaming Lotion; (10) Coppertone Water BABIES SPF 70+ Sunscreen Lotion; (11) Coppertone Water BABIES SPF 100+ Sunscreen Lotion; (12) Coppertone Water BABIES Foaming Lotion SPF 75 Sunscreen; (13) Coppertone Water BABIES Stick SPF 55 Sunscreen; (14) Coppertone KIDS Continuous Spray SPF 70+ Sunscreen; (15) Coppertone KIDS SPF 70+ Sunscreen Lotion; and (16) Coppertone KIDS Stick SPF 55 Sunscreen.

1   Executed this 19th day of September 2012, at Phoenix, Arizona.

2

3                   BONNETT, FAIRBOURN, FRIEDMAN
                    & BALINT, P.C.
4                   ELAINE A. RYAN
                    PATRICIA N. SYVERSON (203111)

5

6

7                   Patricia N. Syverson
8                   2325 E. Camelback Road, Suite 300
                    Phoenix, Arizona  85016
9                   Telephone:    (602) 274-1100
                    Facsimile:     (602) 798-5860
10                  eryan@bffb.com
                    psyverson@bffb.com
11
                    Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

### CV12- 8100 PA (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
PATRICIA N. SYVERSON (203111)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: 602-274-1100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS HERNANDEZ, On Behalf of Herself and All Others Similarly Situated,<br><br>                        PLAINTIFF(S)<br><br>       v.<br><br>MERCK & CO., INC, a Delaware corporation, MSD CONSUMER CARE INC., a Delaware corporation, MERCK SHARP & DOHME CORP., a New Jersey corporation,<br><br>                      DEFENDANT(S). | CASE NUMBER<br><br>**CV12-8100** ~PA (JEMx)<br><br><br>   , **SUMMONS** |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Patricia N. Syverson_____, whose address is:

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: __SEP 1 9 2012_____

By: **MARILYN DAVIS**_____
          Deputy Clerk

*(Seal of the Court)*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DORIS HERNANDEZ, On Behalf of Herself and All Others Similarly Situated,

**DEFENDANTS**

MERCK & CO., INC, a Delaware corporation, MSD CONSUMER CARE INC., a Delaware corporation, MERCK SHARP & DOHME CORP., a New Jersey corporation,

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County, CA

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
PATRICIA N. SYVERSON (203111)
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Ste. 300, Phoenix, AZ 85016 (602-274-1100)

Attorneys (If Known)

N/A

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Business and Professions Code §17200 et seq.; Violation of CLRA; and Breach of Express Warranty

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / TORTS | TORTS / PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **TORTS PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:   **CV12-8100**

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County, CA

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named defendant.
Merck & Co., Inc., a Delaware corporation; MSD Consumer Care, Inc., a Delaware corporation; and Merck Sharp & Dohme Corp., a New Jersey corporation

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County, CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _~~signature~~_ **Date** September 19, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |